IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0014-WS-C |
| | ) |
| THE ROOKERY, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for partial summary judgment as to Count Two against defendants Joseph Eugene Raley ("Eugene") and Joseph Bradley Raley ("Bradley"). (Doc. 55).[1] The defendants have answered the amended complaint, (Doc. 40), but have declined to respond to the instant motion, (Doc. 56), which is ripe for resolution. After carefully considering the foregoing, the Court concludes that the motion is due to be granted.

**DETERMINATIONS OF UNCONTROVERTED FACT**

Defendant The Rookery, LLC ("Rookery") executed a note ("the Note") in favor of the plaintiff in the original principal sum of $168,750.00. Rookery has defaulted on the Note by failing to make payments when due. Rookery is in breach of the Note.

Eugene and Bradley entered separate continuing guaranties of the indebtedness under the Note ("the Guaranties"), which they have not satisfied despite demand, leaving them in default. Eugene and Bradley are in breach of their respective Guaranties.

---

[1] The amended complaint names these defendants as Joe E. Raley and Joseph Brad Raley. (Doc. 10). Any judgment must be in the names of the defendants as they appear in the governing pleading, not in later motions or other documents.

[1]

The plaintiff has performed its obligations under the Note and Guaranties.

The amount owing under the Note and Guaranties as of December 12, 2011 is $77,673.93.  Interest continues to accrue at a per diem rate of $34.43.

The Note and Guaranties require the borrower and guarantors to pay the plaintiff's reasonable attorney's fees and costs in collecting the indebtedness.  The plaintiff has incurred such fees and costs, but the amount thereof has not been established.

## CONCLUSIONS OF LAW

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at

trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those arguments the parties have expressly advanced.

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101. Should this review reveal the plaintiff's entitlement to

summary judgment, under *Dunmar* the Court will not consider any legal or factual arguments the defendants could have, but have not, asserted in opposition.

Count Two alleges breach of guaranty against Eugene, Bradley and others. (Doc. 10 at 4). "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987). The uncontroverted evidence shows the existence of two Guaranties by Eugene and Bradley; Rookery's default on the underlying contract; and non-payment by Eugene and Bradley. The uncontroverted evidence thus establishes all elements of the plaintiff's claims against Eugene and Bradley, who offer no defense. The plaintiff is entitled to summary judgment as to these claims.[2]

The Note and Guaranties require the payment of the plaintiff's costs, including reasonable attorney's fees. The plaintiff's evidence confirms that such fees and costs have been incurred, (Doc. 55, Wagner Affidavit, ¶ 9), but the plaintiff has not established their amount. Instead, the plaintiff requests the Court to enter final judgment in its favor under Rule 54(b), reserving jurisdiction to determine later an appropriate amount of attorney's fees and costs. (Doc. 55 at 3).

Rule 54(d) allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "As noted in

---

[2] The guaranties are by their terms continuing. "[T]o recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Delro Industries*, 514 So. 2d at 979. The plaintiff has not clearly alleged or established notice to Eugene and Bradley of Rookery's default. However, "[t]he language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Sharer v. Bend Millwork Systems, Inc.*, 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty). The Guaranties expressly dispense with the need for notice of Rookery's default. The plaintiff thus was not required to plead or prove such notice.

subparagraph (A), [Rule 54(d)(2)] does not … apply to fees recoverable as an element of damages, as when sought under the terms of a contract ….." *Id*. 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc*., 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc*., 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."); *cf.* Local Rule 54.3 (providing for a post-judgment award of attorney's fees only when such fees are "authorized by statute or the equitable or inherent powers of the court").  Thus, the plaintiff cannot obtain an award of fees and expenses after entry of judgment.

The plaintiff cannot skirt this rule by resort to Rule 54(b).  As a threshold matter, that rule allows for entry of a partial final judgment only as to particular "claims or parties," not as to mere portions of a claim.  Nor does the Court find "that there is no just reason for delay" in entering final judgment without a determination of costs and fees to be awarded.  On the contrary, given Rule 54(d) there is every reason to delay entry of judgment pending such a determination.  Accordingly, the Court will not enter any judgment against Eugene or Bradley before the amount of attorney's fees and related costs to be awarded is decided.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for partial summary judgment is **granted**.  The plaintiff has established its entitlement to a judgment against Eugene and Bradley in the amount of $77,673.93 and to an additional award of pre-judgment interest beginning December 13, 2011 at the rate of $34.43 per day.  The plaintiff has also established its entitlement to recover its reasonable costs and fees, including attorney's fees.  The plaintiff is **ordered** to file and serve its proof of the amount and reasonableness of such additional sums, and any necessary briefing regarding

the same, on or before **February 27, 2012**.  Eugene and Bradley are **ordered** to file and serve any response on or before **March 12, 2012**.  The Court will take the matter under submission on March 12, 2012.[3]

DONE and ORDERED this 14th day of February, 2012.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff has not sought summary judgment or dismissal with respect to Count Three, its demand for an accounting and/or inspection.  The Court does not anticipate entering judgment on Count Two with Count Three still pending and unresolved as to any defendant.

    Given that the plaintiff is on the cusp of a personal judgment against Eugene and Bradley and already has obtained such judgments against Rookery and all other remaining guarantors, it is not clear how an accounting would benefit the plaintiff.  According to the amended complaint, the only contractually-authorized function of an accounting would be to determine whether Rookery improperly made payments to the guarantors of funds that should have been paid the plaintiff; with personal judgments in hand, the plaintiff will be entitled to recover all or any part of the judgment amount from any guarantor, regardless of whether that guarantor improperly received payments from Rookery.