IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-0014-WS-C |
| THE ROOKERY, LLC, et al., | : | |
| Defendants. | | |

## ORDER

This cause is before the Court on plaintiff's post-judgment motion to compel defendant Richard Vail to respond to interrogatories and requests for production propounded by plaintiff on May 14, 2013 (Doc. 104). Based upon the contents of the motion to compel,[1] as well as the undersigned's determination that the written discovery propounded by plaintiff (*see* Doc. 104, Post Judgment Discovery to Richard Vail) seeks arguably relevant information, *see Omniplex World Services Corp. v. Brinson*, 2012 WL 2569194, *2 (M.D. Ga. July 2, 2012) (in case seeking an order to compel the defendant to respond to plaintiff's first set of post-judgment interrogatories and requests for production of documents, the court observed that "[g]enerally, a district court's decision to compel discovery is not an abuse of discretion where the items requested are arguably relevant to the case[]"), the plaintiff's motion is **GRANTED**. *Compare id. with Diversified Golf LLC v. Trans World Commercial & Equity, LLC*, 2012 WL

---

[1] Vail has not answered the discovery propounded by plaintiff on May 14, 2013 (*see* Doc. 104, at ¶ 2); therefore, his responses are now long overdo, *compare* Fed.R.Civ.P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.") *with* Fed.R.Civ.P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.").

1673166, *4 (M.D. Ga. May 14, 2012) ("Diversified's Motion to Compel [] is granted. . . . Boyles shall produce documents in response to Diversified's [post-judgment] document requests by June 8, 2012. Boyles is ordered to appear for a post-judgment deposition upon receiving notice of the time, date and place of the deposition from Diversified's counsel. . . . Should Boyles fail to comply with her post-judgment obligations and this Order, the Court will hold Boyles in contempt."); *see generally Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510 (11th Cir. 1986) (discussing at length the power of district courts to order and compel post-judgment discovery).

Defendant Vail is **ORDERED** to answer plaintiff's post-judgment interrogatories and requests for production of documents not later than **August 8, 2013**. Should the defendant fail to comply with his post-judgment discovery obligations and the contents of this order, he is **ORDERED** to appear before the undersigned on **August 15, 2013, at 10:00 a.m.,** in Courtroom 3A, United States Courthouse, Mobile, Alabama, at which time he will be required to show cause why he should not be held in contempt of court, Fed.R.Civ.P. 37(b)(2)(A)(vii), and why he should not be ordered to pay the expenses of the plaintiff—including attorney's fees—in having to seek the undersigned's assistance in obtaining his answers to relevant post-judgment discovery, Fed.R.Civ.P. 37(b)(2)(C).[2]

**DONE** and **ORDERED** this 19th day of July, 2013.

   s/WILLIAM E. CASSADY
   **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Clerk of Court is instructed to serve this order on Mr. Vail by certified mail, return receipt requested—P.O. Box 284, Bon Secour, AL 36511—and the moving party is to ensure that Mr. Vail is served with this order.